# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DANNY M. GREEN,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:20-cv-381 |
| - vs - | | | District Judge Timothy S. Black |
| | | | Magistrate Judge Michael R. Merz |

WARDEN, Chillicothe
 Correctional Institution,

|  |  |
|---|---|
| | : |
| Respondent. | |

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Danny Green pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 6) the Return of Writ (ECF No. 7) and Petitioner's Reply (ECF No. 8).  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.  Final decision of the case remains with District Judge Black.

**Litigation History**

On March 6, 2013, a Butler County, Ohio, grand jury indicted Green on four counts of rape of a person less than 13 years of age in violation of Ohio Revised Code § 2907.02(A)(1)(b); one count of attempted sexual battery in violation of Ohio Revised Code § 2923.02(A)/2907.03(A)(5); one count of

1

gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4); and one count of rape in violation of Ohio Revised Code § 2907.02(A)(2)(Indictment, State Court Record, ECF No. 6, Ex. 1).

On April 24, 2013, Green pleaded guilty to Counts 1 and 6, charging him with rape in violation of Ohio Revised Code § 2907.02(A)(1)(c). *Id.* Ex. 10. Green was sentenced to nine years imprisonment on each count, to be served concurrently. *Id.* at Ex. 19. Green did not file a timely direct appeal.

On June 6, 2014, Green filed a *pro se* Motion to Dismiss the Indictment. *Id.* at Ex. 22. The trial court denied the motion (*Id.* at Ex. 25) and Green did not appeal. On July 29, 2014, Green filed his first *pro se* motion to withdraw his guilty plea under Ohio R. Crim. P. 32.1. *Id.* at Ex. 26. The trial court denied the motion and this time Green did appeal, but the Twelfth District Court of Appeals affirmed. *State v. Green*, 2015-Ohio-2576 (Ohio App. 12th Dist. 2015). The appellate court denied motions to certify a conflict and for reconsideration and Green appealed to the Supreme Court of Ohio which declined to accepted jurisdiction. *State v. Green*, 143 Ohio St.3d 1502 (2015).

On December 11, 2015, Green filed a state court habeas petition in the Ross County Court of Common Pleas which the trial court dismissed (State Court Record, ECF No. 6, Ex. 87). Green did not appeal from the dismissal. However, he filed a second state court habeas corpus petition March 15, 2019, in the Ohio Court of Appeals for the Fourth District (State Court Record, ECF No. 6, Ex. 88). That court denied relief. *Id.* at Ex. 91. Green appealed and the Supreme Court of Ohio affirmed. *Green v. Shoop*, 159 Ohio St.3d 439 (2020).

On May 16, 2016, Green filed a second *pro se* motion to withdraw guilty plea pursuant to Ohio Crim.R. 32.1 (Motion, State Court Record, ECF No. 7, Ex. 51). The trial court denied the motion. *Id.* at Ex. 57. Green appealed, but the appellate court affirmed the judgment. *State v. Green*, 2017-Ohio-2800 (Ohio App. 12th Dist. 2017). The Twelfth District again denied motions to certify a conflict and for reconsideration (State Court Record, ECF No. 6, Ex. 62) and Green did not appeal.

On August 14, 2017, Green filed a motion for leave to file a delayed direct appeal (State Court Record, Ex. 81) which the appellate court denied. *Id.* at Ex. 84.  Green did not appeal to the Supreme Court of Ohio.

On November 29, 2017, Green filed a *pro se* motion for new sentencing hearing. *Id.* at Ex. 71. The trial court denied relief and Green appealed.  However the appellate court affirmed.  *State v. Green,* 12th Dist. Butler Cty. No. CA2018-03-051(Aug. 6, 2018)(State Court Record, ECF No. 6, Ex. 79) and Green did not appeal to the Supreme Court of Ohio.

The Petition in this case was deposited in the mail on May 11, 2020 (See postmark at PageID 31), and received and docketed by the Clerk on May 13, 2020.  Green pleads the following grounds for relief:

> **Ground One**: The trial court violated Articles I and II of the United States Constitution and the separation of powers doctrine when it ignored statutory law to unlawfully invoke subject matter jurisdiction to prosecute and convict petitioner denying him due process and equal protection in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

> **Supporting Facts:** In the present case, no affidavit or complaint was filed to invoke subject matter jurisdiction on the municipal court or initiate prosecution. This fact has not been disputed by the State in any previous proceedings. After Petitioner's arrest, the municipal court, without jurisdiction held a preliminary hearing and bound the case over to the grand jury of the Common Pleas Court for the return of the indictment where Petitioner was subsequently indicted, convicted, and sentenced. All of the proceedings subsequent to Petitioner's arrest were contrary to statutory law and in violation of Petitioner's constitutional due process rights.

> **Ground Two**: Petitioner's guilty plea was not knowingly and voluntarily entered which denied him due process in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

> **Supporting Facts:**  Petitioner was indicted on seven counts on March 13, 2013.  Some of the charges in the indictment were the same as allegations that had been made in the past and had been investigated by Warren County Children Services (WCCS) in 2005.

3

As a result of the investigation, Petitioner was cleared of any wrongdoing. At his direction, counsel filed a motion with the trial court to obtain the WCCS investigative file. The court denied the motion on April 12, stating it had no jurisdiction to order production of WCCS records.

Being denied proof of his innocence and at the urging of counsel, Petitioner reluctantly entered into a plea agreement on April 24. At the change of plea hearing and as an inducement to enter the guilty plea, the court incorrectly informed him that he would be entitled to earn credit against his sentence while on good behavior and could possibly be released early on essentially probation. (The court described judicial release.) In reality the sentence is statutorily ineligible [sic] for either earned credit or early release of any kind.

One week prior to sentencing, Petitioner received a copy of the termination letter from the 2005 WCCS investigation. He promptly turned over the letter to counsel who immediately filed a motion to withdraw plea based on the newly discovered evidence. At the hearing on the motion, the court stayed the proceedings until it could order the records produced from WCCS. (This was what the court said it had no jurisdiction to do two months earlier.)

At the continued hearing on the morning of July 22, the court stated it was continuing the matter until the afternoon so the parties could have an opportunity to review the file. Before adjourning, the court felt it was necessary "to take this opportunity" to relay certain information for Petitioner to consider during the break. The court told him that while certain of the information in the file did appear to be favorable, the court considered the motion "to be a be-careful-what-you-wish-for" motion. The court went on to say whether the motion were ruled on for or against him, the sentence would likely end up resulting in "a graver sentence" than what the court intended to impose otherwise.

Only a few minutes after adjourning and before Petitioner and counsel had an opportunity to review the file, counsel and the prosecuting attorney were called into chambers for a conference. Upon returning, counsel informed Petitioner that the judge had reviewed the file and offered that in exchange for voluntarily dismissing the motion, the court would find him the lowest level offender and run the sentences concurrent. Petitioner objected in light of the evidence that proved him innocent on some of the charges and called the remaining ones into question. Counsel told him that the judge had indicated he tended to agree with the State's argument to deny the motions and if they were not voluntarily

4

dismissed, he would most likely deny the motions and sentence the Petitioner to the maximum on both charges and run the sentences consecutively; a twenty year agregate [sic] sentence. Under duress and with no real choice, Petitioner agreed to dismiss the motions and continue with the plea.

With the exception of the conversation with counsel, all of these facts are in the record. The plea was not knowing when exculpatory information that Petitioner sought to prove his innocence was withheld from him. Had the WCCS file been available when it was requested, he would not have entered in to the plea agreement and would have insisted on going to trial. The plea was further not knowingly entered when the trial court gave incorrect sentencing information to induce the plea. The voluntary nature of the plea was removed when the judge threatened a "graver sentence" if the Petitioner went forward with the motions and insisted on exercising his constitutional rights.

**Ground Three**: Petitioner has been denied due process and equal protection in violation of the Fourteenth Amendment to the United States Constitution where he has been denied the right to an appeal of his conviction.

**Supporting Facts:** Ohio has guaranteed to all criminal defendants the right to appeal their conviction or sentence. Federal Courts have held that this right does not exist in a vacuum and criminal defendants must be notified of their appellate rights before they can be waived or forfeited.

At the sentencing hearing the court did not inform Petitioner of his appellate rights nor was he informed of those rights anytime by his counsel. After learning of his right to request leave to file delayed appeal, Petitioner did so, which motion the appellate court denied. Following well established case law precedent, he filed a motion for a limited new sentencing hearing for the court to advise him of his appellate rights. The trial court denied the motion and the appellate court affirmed without publication or serving Petitioner with a copy of its decision.

(Petition, ECF No. 1, PageID 7-13.)

# Analysis

**Statute of Limitations**

Respondent asserts that the Petition was not timely filed and is therefore barred under the statute of limitations (Answer/Return of Writ, ECF No. 7, PageID 939-46).

Petitioner divides his response on this issue between appeal-based claims (Ground Three) and conviction-based claims (Grounds One and Two). As to the former, he asserts the trigger date is September 12, 2017 (Reply, ECF No. 11, PageID 1028). As to the latter, he claims a trigger date of November 13, 2014, but the benefit of both statutory and equitable tolling; he forgoes any actual innocence argument. *Id.* at PageID 1028-31.

A statute of limitations was first enacted for habeas corpus cases in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). As codified at 28 U.S.C. § 2244(d), the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Green's appeal-based claim is his Ground Three where he asserts the trial court did not inform him at sentencing of his right to appeal, the Twelfth District denied him a delayed appeal, and the trial court later refused to reopen the judgment and re-sentence him to start the appeal time running again. He asserts the "trigger date" for this claim is September 12, 2017, which is the date the Twelfth District denied leave for a delayed appeal (Reply, ECF No. 11, PageID 1028, relying on *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), which supports that proposition). See also *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020).

Prima facie, Green's appeal-based claim is barred by the statute of limitations because 972 days elapsed between September 12, 2017, and May 11, 2020. However, Green claims that only 198 of those days are not tolled (ECF No. 11, PageID 1028). With respect to his conviction-based claims, he asserts only 245 non-tolled days have expired. *Id.* at PageID 1030. Green claims his right to tolling is "established in his Petition" (Reply, ECF No. 11, PageID 1027). His reference is presumably to his Case History Timeline, a table appearing as an attachment to the Petition (ECF No. 1, PageID 20). For reasons set forth below, the Magistrate Judge is not persuaded the table shows the tolling times Petitioner claims.

Under 28 U.S.C. § 2244(d), the statute of limitations begins to run when a conviction is final on direct review unless a later date is shown. In this case that date is August 30, 2013, the date on which his time to file an appeal of right expired. With that as the finality date, the "trigger

date" for § 2244(d) purposes, the statute would have expired September 1, 2014, as to Grounds One and Two.

Before then, on June 6, 2014, Green filed a motion to dismiss the indictment. Respondent argues that this filing did not toll the statute of limitations because it was not "properly filed" within the meaning of § 2244(d)(2) in that the trial court denied it as untimely (Return, ECF No. 7, PageID 943). Petitioner refers to this argument in his Reply where he asserts "Danny's motion was not a collateral filing, was not considered untimely by the court, and was in fact properly filed in accordance with state law." (ECF No. 11, PageID 1028-29).

Green made this Motion under Ohio R. Crim. P. 48(B)(Motion to Dismiss, State Court Record, ECF No. 6, PageID 92). In opposing the Motion, the prosecutor argued the trial court was required to treat it as a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Memo Contra, State Court Record, ECF No. 6, PageID 133, relying on *State v. Schlee*, 117 Ohio St. 3d 153 (2008)). The trial court found this argument persuasive and that Green's Motion to Dismiss was required to have been filed by February 26, 2014[1] (Decision, State Court Record, ECF No. 6, PageID 142). Since it had not been filed until June 6, 2014, it was untimely and the court was without jurisdiction to entertain it, per Ohio Revised Code § 2953.23. *Id.* at PageID 143. Green did not appeal, making the trial court's decision on this point final. On questions of state law, federal habeas courts are bound by state court decisions. *Bradshaw v. Richey*, 546 U.S. 74 (2005). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. § 2244(d)(2). *Accord, Allen v. Siebert,* 552 U.S. 3 (2007)(an untimely post-conviction petition is not properly

---

[1] The statute of limitations for a petition under Ohio Revised Code § 2953.21 was at the time 180 days from the date on which the defendant's time to appeal expired if no appeal had been taken. That date has subsequently been amended to 365 days.

filed regardless of whether the time element is jurisdictional or an affirmative defense).  Since the Motion to Dismiss was not properly filed, it does not toll the time under § 2244(d)(2).

Green's second attempt to set aside his conviction was his first Motion to withdraw his guilty plea, filed July 29, 2014, which he made under Ohio R. Crim. P. 32.1 (State Court Record, ECF No. 6, Ex. 26).  By this time 333 days had expired of the one-year statute and only thirty-two days remained.  The trial court did not find the Motion untimely, but dealt with it on the merits, albeit finding most claims were barred by *res judicata* (Decision, State Court Record, ECF No. 6, Ex. 30).  The Twelfth District Court of Appeals also affirmed on the merits.  *State v. Green*, 2015-Ohio-2576 (Ohio App. 12th Dist. 2015).  The Supreme Court of Ohio declined jurisdiction on October 28, 2015 (Entry, State Court Record, ECF No. 6, Ex. 50).  None of the Ohio courts involved disposed of Green's first Motion to Withdraw as improperly filed.  Therefore under § 2244(d)(2) he is entitled to statutory tolling from July 29, 2014, through October 28, 2015.

Green's next filing was his first state habeas corpus petition filed December 11, 2015.  (State Court Record, ECF No. 6, Ex. 87).  That was forty-four days after the Supreme Court Entry on the Motion to Withdraw Plea and therefore twelve days after the statute had run.  Whether or not state habeas corpus is a qualifying post-conviction filing under § 2244(d)(2), no such filing revives a claim which is already time barred.

Since the statute of limitations, tolled by the First Motion to Withdraw, expired on November 29, 2015, Green must excuse the delay between then and May 11, 2020, more than four years, by equitable tolling.  The Supreme Court has confirmed that equitable tolling is available to toll the § 2244 statute of limitations.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), quoting

*Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A petitioner's *pro se* status, limited law library access, and lack of knowledge of the law do not constitute extraordinary circumstances to excuse late filing. *Keeling*, *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

Green does little to flesh out his claim of equitable tolling, apparently because he believes he is entitled to statutory tolling for most of the time after November 13, 2014, based on the many state court challenges he filed after his First Motion to Withdraw (See Reply, ECF No. 11, PageID 1030). But the question must be whether these were properly filed efforts to set aside the conviction. They were not.

As noted above Green filed his first state court habeas petition on December 11, 2015. That was after expiration of the statute as calculated above. But even if it were not, any statutory tolling would have expired when Green failed to appeal from denial of the petition; his time to do so expired May 19, 2016, thirty days after the trial court denied the petition (Journal Entry, State Court Record, ECF No. 6, Ex. 87).

Green filed a second state court habeas corpus petition March 15, 2019, in the Ohio Court of Appeals for the Fourth District (State Court Record, ECF No. 6, Ex. 88). That court denied relief. *Id.* at Ex. 91. It reasoned that habeas corpus was not a proper remedy for claims that could have been raised on direct appeal or petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at PageID 751-52. It also found the claims procedurally barred by *res judicata* because of Green's first habeas petition. *Id.* at PageID 752. Green appealed and the Supreme Court of Ohio affirmed on both grounds. *Green v. Shoop*, 159 Ohio St.3d 439 (2020).

Applying the logic of *DiCenzi* and *Sexton, supra*, to the extent Green is claiming the denial of a delayed appeal violated his constitutional rights, he knew of the fact of that denial – a factual premise for that claim – shortly after it occurred on September 12, 2017. Green did not appeal and

his time to do so expired forty-five days later on October 27, 2017.  He did not file his appeal-based claim here until he included it in his Petition on May 11, 2020, thirty months later.

It is certainly true that Petitioner initiated a great many state court filings attempting to get his conviction overturned.  However, that does not, indeed cannot, constitute due diligence.  To count them in that way would completely undermine the statute of limitations.  Green was rebuffed in every one of his state filings, either procedurally or substantively.  If a petitioner could get equitable tolling credit for every state court filing, regardless of how outside ordinary state post-conviction practice or how many times he had been turned down on the merits, the statute of limitations would run forever as long as some clerk of courts would accept a filing from a defendant with his original case number on it.

It is no answer for Green to claim that he was required to exhaust state court remedies.  The pendency of a state court proceeding attacking a criminal judgment is no bar to filing a habeas petition and the Supreme Court has expressly recognized that such premature petitions can be stayed pending the outcome of state exhaustion efforts.  *Rhines v. Weber*, 544 U.S. 269 (2005).

It is therefore recommended that the Petition herein be dismissed as to all three Grounds for Relief as barred by the statute of limitations.


**Ground One:  Lack of Trial Court Jurisdiction**


In his First Ground for Relief, Petitioner claims the trial court, the Butler County Court of Common Pleas, did not have jurisdiction to try and convict him because of lack of a proper affidavit and complaint in the municipal court to initiate these proceedings.

The State Court Record contains a Transcript of Proceedings in the Middletown Municipal Court in this case (State Court Record, ECF No. 6, Ex. 1).  The Transcript recites that an Officer Janice Jones appeared before a Deputy Clerk of that court on January 23, 2013, and made some allegation, not disclosed, against Green having to do with a charge of rape.  The Transcript recites further that an arrest warrant was issued to Officer Jones, that Green was arrested on the warrant and arraigned on January 25, 2013, that a preliminary hearing was held on February 1, 2013, that Green was then bound over to the Butler County grand jury and committed to jail in lieu of bond. The Transcript contains the conformed signature of Middletown Municipal Judge Mark Wall and the February 6, 2013, Certificate of the Clerk of the Municipal Court, Stephen Longworth.  The Transcript was filed the next day with the Butler County Clerk of Courts Mary Swain. *Id.*

Although Green filed a post-conviction Motion to Dismiss the Indictment on June 6, 2014, he raised no claim about the municipal court process (State Court Record, ECF No. 6, Ex. 22). Nor did he raised this claim in his First Motion to Withdraw (*Id.* at Ex. 26) or his Second Motion to Withdraw (*Id.* at Ex. 51).  The claim is not mentioned in the decision denying his First State Habeas Corpus Petition. *Id.* at Ex. 87.  The claim was apparently first raised in Green's Second State Habeas Corpus Petition filed March 15, 2019. *Id.* at Ex. 88.  The Fourth District decided that claim as follows:

> In his petition , Green asserts that his conviction is void because the trial court lacked subject matter jurisdiction and therefore he is being detained illegally and entitled to release. Specifically, Green asserts that the State of Ohio failed to file a criminal complaint against him and, accordingly, "the jurisdiction of the Middletown Municipal Court was never invoked and all subsequent proceedings were void ab initio and a nullity." And because no criminal complaint was filed, the case was not properly before the grand jury and no proper indictment was returned.  Green contends that he has no remedy in the ordinary course of law because no appeal can be taken from a void judgment and claims regarding subject matter jurisdiction are not barred by res judicata.

12

As Warden Shoop notes in his motion, it is well settled that "(a)ny defect cause[d] by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over (criminal] charges is not cognizable in habeas corpus." *Boylen v. Bradshaw*, 108 Ohio St .3d 184, 2006-Ohio-181, 842 N.E.2d 49, at ¶ 5. citing *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-0hio-5369, 776 N.E.2d 490 at ¶ 3, quoting *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453, 454, 727 N.E.2d 905. Further, Green entered into a plea agreement with the State whereby the originally charged and indicted offenses were amended to reduce the maximum potential prison sentence. *Green* at ¶ 25 . By pleading to the amended charges, Green waived any challenges to the indictment. *Id*.

*Res judicata* also bars Green's petition insofar as he raises claims that he raised or could have raised in his previous petition filed in the Ross County Court of Common Pleas. *Nedea v. Cook*. 4th Dist. Hocking No. 15CA 12, 2015-0hio-3668, at ¶ 12 (citations omitted). *Res judicata* "is applicable to successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases." *Id*., citing *State ex rel. Childs v Lazaroff*, 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001). Thus, even if Green's claim regarding the lack of a criminal complaint was cognizable in habeas corpus, he could have raised this claim in his earlier petition and it is now barred by *res judicata*.

(Decision, State Court Record, ECF No. 6, PageID 752-53).

This time Green did appeal to the Ohio Supreme Court which affirmed on both points made

by the Fourth District, holding:

[*P6] The court of appeals' analysis is correct in both respects. Res judicata bars Green's 2019 habeas corpus petition because he filed an earlier petition for a writ of habeas corpus in which he could have raised any cognizable claim that he had, *Bevins v. Richard,* 144 Ohio St. 3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 4. In addition, the claims raised in Green's 2019 petition were not cognizable in habeas corpus. "Any defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over * * * rape charges is not cognizable in habeas corpus." *Taylor v. Mitchell*, 88 Ohio St.3d 453, 454, 2000-Ohio-380, 727 N.E.2d 905 (2000). Green was convicted and sentenced upon indictments, and the trial court had jurisdiction over

13

his case. *Boylen v. Bradshaw*, 108 Ohio St. 3d 181, 2006-Ohio-549, 842 N.E.2d 49, ¶ 5.

*Green v. Shoop,* 159 Ohio St. 439 (2020).

The question of which Ohio courts have subject matter jurisdiction over what kinds of cases and what are the prerequisites for exercise of that jurisdiction are questions of state law on which the federal courts are bound by state court decisions. *Bradshaw, supra*. Federal courts cannot second guess those decisions or review them as if we sat as appellate courts. Rather, habeas corpus courts sit only to decide whether persons are confined in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

In his Reply Green states the truism that courts are obliged to follow the law. True as that may be, not every failure of a state court to follow state law results in a violation of the United States Constitution. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Green's First Ground for Relief therefore fails on the merits and should be dismissed on that basis. Alternatively, it is also barred by his procedural default in failing to raise it any time before his Second State Habeas Corpus Petition. As both appellate courts held, the claim was barred by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir.

1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

**Ground Two:  Invalid Guilty Plea**

In his Second Ground for Relief, Petitioner asserts his guilty plea is invalid.  In his Supporting Facts he asserts that records of an investigation conducted by the Warren County, Ohio, Children Services ("WCCS") in 2005 cleared him of at least some of the wrongdoing alleged in the Indictment.  Despite an effort to obtain that file, his trial judge held on April 12, 2013, that he did not have jurisdiction to obtain those records.  Green pleaded guilty on April 24, 2013.  Then, a week prior to sentencing, he received the termination letter from the WCCS investigation.  On that basis his counsel filed a motion to withdraw the guilty plea. At a chambers conference during a hearing on that motion, the trial judge allegedly made promises about leniency in sentencing if the motion to withdraw the plea were itself withdrawn.  On advice of counsel, Green withdrew the motion.  He now claims his guilty plea was unknowing because (1) the exculpatory WCCS file was withheld (2) the judge misstated sentencing information to induce the plea.  Furthermore the plea became involuntary when the judge threatened a graver sentence if the motion were not withdrawn.

Green first raised related claims in his first post-conviction Motion to Withdraw Guilty Plea filed June 29, 2014 (State Court Record, ECF No. 6, Ex. 26).  He reiterated the arguments he had made in his post-conviction Motion to Dismiss Indictment about the vagueness of the Indictment. *Id.* at PageID 147.  He complains that on the day of the hearing on the motion to withdraw, he was only allowed to see a small portion of the WCCS file and given only twenty minutes to make up his mind about whether to go forward. *Id.* at PageID 148.  He structured a

15

large part of his argument around the claim that he was entitled to relief under *State v. Mancini*,

1993 Ohio App. LEXIS 17 (8th Dist. 1993). *Id.* at PageID 149-51. Next he accused his attorney of

ineffective assistance of trial counsel for not sharing the WCCS file with him until January 2014.

*Id.* at PageID 152. He also accused the prosecutor of misconduct under *Brady v. Maryland*, 373

U.S. 83 (1963). Significantly, neither the Motion nor Green's supporting Affidavit contains any

allegations of threats by the trial judge of the sort alleged in the Petition.

In denying the Motion to Withdraw, the trial court found that *Mancini* was not the

controlling law on lesser included offenses in light of *Stacy v. Van Coren*, 18 Ohio St. 2d 188

(1969), and the remainder of Green's claims were barred by *res judicata* because they could have

been raised on direct appeal but were not (Decision, State Court Record, ECF No. 6, Ex. 30).

On appeal, Green argued as his First Assignment of Error that his first Motion to Withdraw

should have been treated as a pre-sentence motion -- which is subject to different standards than a

post-sentence motion to withdraw -- because the judgment of the trial court imposing sentence was

not a final appealable order. The appellate court overruled that Assignment on the basis of Ohio

law. *State v. Green*, 2015-Ohio-2576, ¶¶ 7-17 (Ohio App. 12th Dist. 2015). In his Second Assignment

of Error he claimed the trial court had not properly applied *Mancini, supra*. The Twelfth District held

that *Van Coren* rather than *Mancini* was the applicable precedent and that Green's guilty plea was

knowing, intelligent, and voluntary. *Id.* at ¶¶ 18-27. The Supreme Court of Ohio declined review

(Entry, State Court Record, ECF No. 6, Ex. 50).

Green filed his second post-conviction Motion to Withdraw on May 16, 2016 (State Court

Record, ECF No. 6, Ex. 51). He claimed it should be treated as a pre-sentence motion to withdraw

despite the prior ruling of the Twelfth District that the sentencing judgment was a final appealable

order. He complained that the trial judge had misinformed him about the possible sentences. He still

made no claim that the trial judge had threatened him with a "graver sentence" to get him to withdraw

his pre-sentence motion to withdraw. The trial judge held that, under the law of the case doctrine, he was bound by the prior finding of the appellate court that Green's plea was knowing, intelligent, and voluntary (Decision, State Court Record, ECF No. 6, Ex. 57).

On appeal, Green argued that neither *res judicata* nor the law of the case doctrine applied because the sentencing judgment was void. *State v. Green*, 2017-Ohio-2800, ¶8 (Ohio App. 12th Dist. 2017). The appellate court found several of Green's assertions about the sentencing judgment to be correct, but that did not lead to the judgment's being void:

> [*P10] Appellant is correct that his conviction for rape carried a mandatory prison sentence under R.C. 2929.13(F)(2) and that he was not eligible for community control, judicial release, or earned credit. See *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687, 907 N.E.2d 805 (2d Dist.). Appellant is also correct that the trial court failed to comply with Crim.R. 11(C)(2)(a) during its plea colloquy when it misinformed appellant he could be eligible for earned credit and could receive community control. However, contrary to appellant's assertion, the trial court's failure to comply with Crim.R. 11(C)(2)(a) did not result in his guilty plea being void.

*Id.* The trial court's errors, the Twelfth District found, rendered the sentencing judgment voidable, but not void. *Id.* at ¶ 12. Therefore Green's claims in his second motion to withdraw were found barred by *res judicata*. *Id.* at ¶ 14. Green did not appeal.

Green next moved for a new sentencing hearing because of asserted infirmities in the sentencing entry (State Court Record, ECF No. 6, Ex. 71). In this Motion Green again attacked the sentencing judgment and the trial judge's failure to advise him orally of his right to appeal, but not of any colloquy at the pre-sentence motion to withdraw hearing. He again claimed the sentencing judgment was void, despite the Twelfth District's holding to the contrary that it was merely voidable. *Id.* at PageID 510. The trial judge denied the Motion on the basis of *res judicata* and the "well-established law that failure to advise a defendant of his right to appeal does not void a sentence." (Decision, State Court Record, ECF No. 6-1, Ex. 74, PageID 570). The Twelfth

District affirmed without opinion. *Id.* at Ex. 79.

In his first State Habeas Corpus Petition, Green raised the "graver sentence" threat and the *Brady* claim.  The trial court[2] held habeas corpus was not an available remedy because the convicting court had subject matter jurisdiction and Green was not claiming he was being held beyond expiration of his sentenced term of imprisonment (Journal Entry, ECF No. 6-1, Ex. 87, PageID 675).

Green did not appeal, but filed his second state habeas corpus petition in the Fourth District Court of Appeals[3].  As noted above, that petition focused on the claim that the Butler County Court of Common Pleas did not have subject matter jurisdiction because of the incomplete filings in the Middletown Municipal Court (State Court Record, ECF No. 6-1, Ex. 88, PageID 682).  The Fourth District found that Ohio habeas corpus relief was limited in the same ways the Ross County Court of Common Pleas had found as to the first state habeas petition, i.e., lack of subject matter jurisdiction in the convicting court or expiration of the sentence.  *State v. Green,* Case No. 19CA3675 (4th Dist. Jun. 28, 2019)(unreported; copy at State Court Record 6-1, Ex. 91, PageID 750, citing *Heddleston v. Mack,* 84 Ohio St.3d 213,214 (1998).  The Fourth District rejected Green's lack of jurisdiction argument. *Id.*  The Supreme Court of Ohio affirmed on the basis of the Fourth District's analysis.  *Green v. Shoop, supra.*

From this lengthy review of the litigation history, the Magistrate Judge concludes Petitioner has procedurally defaulted in presenting this claim to the state courts.  His claim that the sentencing judgment is void for various reasons has been repeatedly rejected by the Ohio courts on the basis of Ohio criminal *res judicata*.  His "graver sentence" threat claim was presented in his first state

---

[2] In this case the Court of Common Pleas of Ross County, Ohio, which has jurisdiction of habeas claims filed by prisoners at the Chillicothe Correctional Institution.

[3] The Fourth District includes Ross County, the county in which Green was then and is now incarcerated.

habeas petition, but he did not appeal from the adverse decision and thereby procedurally defaulted that claim by not fairly presenting it to the Ohio courts for one full round of review.  His *Brady* claim relating to the WCCS file and his related claim of ineffective assistance of trial counsel because his attorney did not share the file with him has, so far as the Magistrate Judge can determine, never been presented to the Ohio courts.

Therefore in addition to recommending Ground Two be dismissed as barred by the statute of limitations, the Magistrate Judge recommends it be dismissed with prejudice as procedurally defaulted.


**Ground Three:  Denial of Right to Appeal**


In his Third Ground for Relief, Green claims he was unconstitutionally denied his right to appeal his conviction.

Green never attempted to appeal from his July 2013 Judgment of Conviction until he filed his Motion for Leave to File Delayed Appeal on August 14, 2017, more than four years later (Motion for Delayed Appeal, State Court Record, ECF No. 6-1, Ex. 81).  In the Motion Green acknowledged his understanding that to warrant a delayed appeal, he would have to show why he did not appeal within the thirty days to appeal of right. *Id.* at PageID 651.  He claimed it was because he had not been notified "of his appellate rights at the sentencing hearing." *Id.*  As to the four-year subsequent delay, he noted the many other filings he had made during the interim.  He claimed he became aware of the possibility of a delayed appeal only when the Twelfth District affirmed denial of his second motion to withdraw his guilty plea. *Id.* at PageID 652.  The Twelfth District denied the delayed appeal without opinion on September 12, 2017.

As noted above, Green did not appeal from this decision.  He claims that is because the decision was never served on him and the non-service constitutes a state-created impediment to exhausting his remedies (Petition, ECF No. 1, PageID 13).  However, this claim is not plausible because Green plainly knew of the Twelfth District's decision:  on September 29, 2017, he filed a Request for Findings of Fact and Conclusions of Law which references the September 12, 2017, decision (Request, ECF No. 6-1, Ex. 85).  He does not explain how he knew of the decision if he was not served a copy.  He claims he twice asked for copies (Petition, ECF No. 1, PageID 13), but does not say when or provide any corroborative documentation.

Green asserts that is it "well settled that this Court has held that a trial court's failure to inform a defendant of his appellate rights is cause for [to excuse] procedural default." (Reply, ECF No. 11, PageID 1042, citing *Walker v. Warden, Lake Erie Cor. Inst.,* 2016 U.S.Dist. LEXIS 33265 (S.D. Ohio Mar. 15, 2016)).  In that decision, District Judge Michael R. Barrett of this Court adopted a recommendation by the undersigned that Petitioner Walker be granted an appeal.  Walker's claim was not that he had been denied an appeal, but that he had been denied appointment of counsel on appeal, a right guaranteed by the Sixth Amendment on criminal appeals of right. *Douglas v. California*, 372 U.S. 353 (1963).  The undersigned had initially recommended the claim be dismissed because Walker had never requested appointment of counsel, but then Walker filed an additional document showing he had made the request and the trial judge had not acted on it. *Walker, supra*, at *3-4.

In the course of adopting the undersigned's recommendation, Judge Barrett wrote "There is no dispute in this case that the trial court failed to inform Petitioner of his right to counsel on appeal." *Id.* at *13.  He noted that Walker had signed a form much like the one signed by Green that acknowledged he had been advised of his appellate rights. *Id.* at n.1.  However, apparently

Respondent did not claim that acknowledgement was sufficient and Judge Barrett did not want to reach that conclusion *sua sponte*. In this case the Respondent has claimed the acknowledgement is sufficient and a number of the state decisions in this case have relied on the acknowledgment.

In the absence of some showing that a defendant is illiterate, there is no reason why an oral advisement of the right to appeal should be considered superior to a written advisement, much less that both should be required.

Green claims that the Sixth Circuit has held that written acknowledgement of the type signed by Green is not sufficient (Reply, ECF No. 11, PageID 1043). However, he cites no authority for that proposition.

The Magistrate Judge concludes that, in addition to being barred by the statute of limitations, Ground Three is also barred by Green's procedural default in not appealing to the Ohio Supreme Court.

Alternatively, Ground Three is without merit. Green's premise for this Ground for Relief is that he was never notified of his right to appeal. That premise is belied by the following language in the Plea of Guilty and Jury Waiver: "I understand my right to appeal a maximum sentence and my other limited appellate rights, and further understand that any appeal must be filed within thirty (30) days of my sentence." This language appears immediately above Green's signature on the form. (State Court Record, ECF No. 6, Ex. 10, PageID 64). Green was not given a maximum sentence and thus he is correct in saying that he did not have a right to appeal on that basis. But the acknowledgement goes on to speak of "other limited appellate rights," i.e., appellate rights on a basis other than imposition of the maximum sentence. And the acknowledgment continue to say that "any appeal must be filed within thirty (30) days," reinforcing the distinction between an appeal based on imposition of the maximum sentence and other appeals.

21

Of course a person who pleads guilty has only "limited appellate rights." He or she cannot complain on appeal, for example, that the State presented insufficient evidence or intentionally excluded Black people from the jury. Those constitutional claims would be fully preserved for appeal if a defendant had gone to trial (See *Jackson v. Virginia*, 443 U.S. 307 (1979), and *Batson v. Kentucky*, 476 U.S. 79 (1986)).

The Guilty Plea and Jury Waiver form is probably the most important piece of paper Petitioner has ever signed. He will not be heard to say he did not read it carefully. In fact he represented to Judge Powers that he had read it (Transcript, State Court Record, ECF No. 6-2, PageID 915). If he did not understand his appellate rights, despite acknowledging that he did, he should certainly have asked his lawyer or the trial judge what those rights were. In fact, Judge Powers asked him if he had any questions before taking his plea. *Id.* at PageID 916. He does not claim he ever asked any questions.

Instead he claims the trial judge never orally advised him of his "limited appellate rights." No such advice appears in the Transcript of Sentencing Hearing (State Court Record, ECF No. 6-2, PageID 877, *et seq.,* incorrectly labeled in the State Court Record as "Change of Plea Hearing"). Nor does it appear in the Transcript of Change of Plea Hearing[4] (State Court Record, ECF No. 6-2, PageID 914, *et seq.* incorrectly labeled as "Sentencing Hearing.") But as noted above, Green cites no authority for the proposition that an oral advice of appellate rights is constitutionally required.

At a more fundamental level, there is no federal constitutional right to appellate review of a criminal judgment. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez*

---

[4] The copy of this transcript in the State Court Record is incomplete, beginning on page 11 as the court reporter numbered the pages. See PageID 915. Respondent is directed to supplement the record by filing the first ten pages of this transcript.

*v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).  Of course when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript.  *Griffin v. Illinois*, 351 U.S. 12 (1956). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas, supra*.  Because the State has no constitutional obligation to provide for appellate review in the first instance, it follows logically that it has no obligation to provide for a delayed appeal.

**Conclusion**


Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


January 13, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

## NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**