# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DANNY M. GREEN,

        Petitioner,    :    Case No. 1:20-cv-381

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice ("Report," ECF No. 15). District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

Petitioner divides his Objections into three parts which will be considered in order.

**Objection One: Decision on the Merits**

Petitioner's first objection is that the Report recommends a decision on the merits when, Green says, the case is not ripe for decision on the merits (Objections, ECF No. 19, PageID 1079-80). Green claims that he has not filed a traverse or reply and has not been ordered to do so or given an opportunity to do so by the Court. *Id.*

1

The record shows Green is incorrect on both of these points. In ordering an answer in this case, Magistrate Judge Bowman, to whom the case was then referred, provided "Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer." (Order for Answer ECF No. 3, PageID 34). The Warden's Return of Writ was filed July 17, 2020 (ECF No. 7). Green was plainly aware of the filing because he filed a motion to strike the return (ECF No. 8). Green then proceeded to file a twenty-two page Reply on August 14, 2020 (ECF No. 9).

Green's first Objection is without a factual basis and should be overruled for that reason.

**Objection Two: Statute of Limitations**

In the Return of Writ, Respondent pleaded that the Petition was barred by the statute of limitations, 28 U.S.C. § 2244(d) and argued the defense at length (Return, ECF No. 7, PageID 939-46). The Magistrate Judge independently calculated the time and recommended that the Petition be dismissed with prejudice as untimely (ECF No. 15, PageID 1056-61).

Green first objects that he has set forth the basis for his claim that the Petition is timely in Item 18 of the Petition (Objections, ECF No. 18, PageID 1080). The relevant portion of the Petition reads:

> Petitioner's judgment of conviction was entered on July 31, 2013, and became final on August 30, 2013, as no appeal was filed. Accordingly, the one-year AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(A) ended on August 30, 2014.
>
> The statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) during the time properly filed state post-conviction or other collateral review actions are pending. Petitioner's first action was filed June 9, 2014, 281 days after the judgment became final. Since that filing, **many other actions have been filed** and pending. As of the most recent Ohio Supreme Court decision on March 12, 2020, a total of 241 days of non-tolling have elapsed.

*Id.* at PageID 14-15 (emphasis supplied).

This paragraph is self-contradictory, admitting the lapse of 281 days in one sentence and then claiming in the next that only 241 days had elapsed as of March 20, 2020. However, there are far more serious flaws in Petitioner's calculation.

Green's first post-conviction filing on June 9, 2014, was a motion to dismiss the indictment under Ohio R. Crim. P. 48 (B)(Motion to Dismiss, State Court Record, ECF No. 6, PageID 92). Under Ohio law as announced in *State v. Schlee*, 117 Ohio St. 3d 153 (2008), Ohio courts must interpret anomalously-named post-conviction motions according to the relief they seek and then apply the procedure applicable to that type of proceeding. Here the trial court determined that the relief Green was seeking was properly brought in an action under Ohio Revised Code § 2953.21 by petition for post-conviction relief. However, thus interpreted, Green's Rule 48(B) motion was untimely because the statute of limitations for a § 2953.21 petition expired February 16, 2014 (Decision, State Court Record, ECF No. 6, PageID 142). Only collateral attacks that are "properly filed" will toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous Supreme Court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8. As is clear from *Artuz*, a collateral attack that is not timely filed does not toll the statute of limitations. Here the state court plainly held Green's 48(B) motion, interpreted as a petition under Ohio Revised Code § 2953.21, was not timely filed and therefore not properly filed, all questions on which the state court determination is binding on this Court.

3

In his Objections, Green argues that the filing of his first motion under Ohio R. Crim. P. 32.1 to withdraw his guilty plea is the relevant "demarcation point," rather than the 48(B) motion. That first 32.1 motion was filed July 29, 2014 (State Court Record, ECF No. 6, Ex. 26). The Report calculated that by that date 333 days of the statute time had expired and only thirty-two days remained (Report, ECF No. 15, PageID 1059). That motion was treated by the state courts as properly filed and decided on the merits. *Id.* The Report expressly found that the first 32.1 motion tolled the statute until the Supreme Court of Ohio denied jurisdiction on October 28, 2015. *Id.* The Report noted that Green's next filing was his first state habeas petition, filed December 11, 2015 (State Court Record, ECF No. 6, Ex. 87). The Report concluded that because that filing was forty-four days after the Supreme Court Entry on the Motion to Withdraw Plea and therefore twelve days after the statute had run. *Id.*

Green objects that the statute had not yet run because he is entitled to a later start date (Objections, ECF No. 18, PageID 1081, relying on *DiCenzi v. Rose,* 419 F. 3d 465[1] (6th Cir. 2005), opinion amended and superseded, 452 F.3d 465 (6th Cir. 2006), and *McIntosh v. Hudson*, 632 F. Supp. 2d 725 (N.D. Ohio, 2009)(Katz, D.J.). In *DiCenzi* the Sixth Circuit held that when a defendant is not "informed by either the trial court or his attorney that Ohio affords those sentenced to a maximum sentence a non-waivable right to a direct appeal of their sentences," his time for filing a habeas petition relating to the denial of an appeal under those circumstances runs from the expiration of time to appeal to the Supreme Court of Ohio. 419 F.3d at 496-97.

*DiCenzi* does not support Green's position for several reasons. First of all, by its very terms *DiCenzi* applies to a person who has a right to appeal a maximum sentence under Ohio Revised Code § 2953.08. The maximum sentences for the offenses to which Green pleaded guilty

---

[1] The correct citation is 419 F.3d 493.

4

was ten years imprisonment, but he was not sentenced to the maximum and therefore did not have a right to appeal under Ohio Revised Code § 2953.08.

Second, Green was advised that he had a right to appeal a maximum sentence and that any appeal, whether or a maximum sentence or not, had to be filed within thirty days of judgment (Guilty Plea, State Court Record, ECF No. 6, PageID 64).

*DiCenzi* support the proposition that the statute of limitations on an appeal-based habeas corpus claim runs from the date when a petitioner learns of the denial of the appeal. *McIntosh* is to the same effect. But the Report recognizes that later start date for an appeal-based claim:

> Applying the logic of *DiCenzi* and *Sexton, supra*[2], to the extent Green is claiming the denial of a delayed appeal violated his constitutional rights, he knew of the fact of that denial – a factual premise for that claim – shortly after it occurred on September 12, 2017. Green did not appeal and his time to do so expired forty-five days later on October 27, 2017. He did not file his appeal-based claim here until he included it in his Petition on May 11, 2020, thirty months later.

(Report, ECF No. 15, PageID 1060-61). In other words, even giving Green the benefit of *DiCenzi*, *Sexton*, and *McIntosh* for his appeal-based claim and therefore a start date for the statute on that claim of September 12, 2017, he was still eighteen months late on the appeal-based claim. *DiCenzi*, *McIntosh*, and *Sexton* are all limited to petitioners' appeal-based claims in those cases and do not delay the start date on the conviction-based claims.

Green next argues that all of his state court filings after November 13, 2014, were "properly filed," and therefore act to toll the statute of limitations whether or not they were successful. The flaw in this argument is that it assumes a properly filed state collateral attack will toll the time for filing even if it has already expired. A properly filed collateral attack on a judgment tolls the

---

[2] *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020).

5

statute of limitations, but does not re-start it. *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001). Even assuming the efforts Green made to obtain representation from the Ohio Innocence Project and the Ohio Public Defender before he filed his first motion to withdraw served to toll the statute and that proceeding further tolled the statute until November 29, 2015, Green must excuse the delay between then and May 11, 2020, more than four years, by equitable tolling. As the Report notes, the Court should not count the filing of meritless and repeated state court filings, mostly barred by *res judicata*, as equitably tolling the statute.

**Procedural Default**

The Report concluded that Green's First Ground for Relief – lack of subject matter jurisdiction in the trial court – was procedurally defaulted because Green never raised it until his Second State Habeas Corpus Petition (Report, ECF No. 15, PageID 1064-65). Green objects that, because he took this issue to the Supreme Court of Ohio, it is not procedurally defaulted (Objections, ECF No. 18, PageID 1083). This argument confuses exhaustion of state court remedies with procedural default.

Green's arguments against the procedural default of his other two Grounds for Relief are addressed in the Report and do not require additional analysis here.

**Merits**

Green makes no objection to the Report's alternative conclusions that three grounds for relief are without merit.

**Conclusion**

Because Petitioner's Objections are without merit, they should be overruled. The Magistrate Judge accordingly again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 18, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.